ACTION on the case for harboring an apprentice.
To prove the plff's. right to the service of the apprentice the plff gave in evidence an indenture of apprenticeship executed by the Orphans' Court of the state of Maryland for the city of Baltimore, binding the boy to plff. as a poor child.
Bayard, for plff. moved a nonsuit.
The action is for harboring an apprentice. The plea puts in issue the whole declaration, of course denies the plff's right to the services of the boy. He produces an indenture by the Orphans' Court of Maryland. By what authority did this court bind him? Plff. must either show a common law right; or, if he goes upon a statutory right, he must show the statute. The foreign law on this subject is matter of evidence. The authority to bind a boy must depend on statutory provisions. It is not a common law right; at common law the father is entitled to the services of the boy. I don't say the record is not evidence, but that the law authorizing the binding must be shown.
Hamilton, for the plff. insisted that the action of the court in Maryland on this subject was entitled to full credit and their jurisdiction would be implied.
By the Court. — This is not the common case of a judgment recovered in the courts of another state. It is a binding by the Orphans' Court acting under a peculiar jurisdiction given by statute. That statute ought to be given in evidence that the court may see it warrants the proceeding. 1 Ch. Pl. 223; Stark. 569.(Sed Quere.)
 Judgment of nonsuit.